**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS DUPREE HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. ED CV 16-00543 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

**I.    BACKGROUND**

Plaintiff Marcus Dupree Harris protectively filed his application for disability benefits under Title II of the Social Security Act on July 24, 2012. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on July 14, 2014, at which Plaintiff testified on his own behalf without the assistance of an attorney. In a decision dated August 6, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act since July 24, 2012, the date the application was filed. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated January 27,

2016. Plaintiff filed a Complaint herein on March 24, 2016, seeking review of the Commissioner's denial of his application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on November 8, 2016 ("Pl. Mem.") and the Commissioner filed a memorandum in support of her answer on December 8, 2016 ("Def. Mem."). Plaintiff did not file a reply. This matter now is ready for decision.[1]

## II. DISPUTED ISSUES

As reflected in the parties' memoranda, the disputed issues are:

(1) Whether the ALJ improperly determined Plaintiff did not suffer from a severe mental impairment at step two of the sequential evaluation.

(2) Whether the ALJ failed in his duty to an unrepresented claimant.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Social. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR") and the parties' memoranda in support of their pleadings.

evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035.

## IV. FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final

step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V. THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 24, 2012, the application date. (AR 10.) At step two, the ALJ found that Plaintiff had the following medically determinable impairments: back strain; psychotic disorder; and history of polysubstance abuse. (*Id*.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff does not have a severe impairment or combination of impairments. (*Id*.)

Accordingly, the ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act since July 24, 2012. (AR 16.)

## VI. DISCUSSION

Step two of the sequential evaluation process requires the ALJ to determine whether an impairment is severe or not severe. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the Commissioner's regulations, an impairment is not severe if it does not "significantly limit [the claimant's] physical or mental ability to do basic work activities." *See* 20 C.F.R. §§ 404.1520(c), 416.920(c), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." Basic work activities also include mental activities such as understanding, carrying out, and remembering simple

instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 404.1521(b), 416.921(b); Social Security Ruling ("SSR") 85-28.

Plaintiff here argues that the ALJ erred by concluding that Plaintiff's mental impairment was not severe. The Ninth Circuit has described step two as "a de minimis screening device to dispose of groundless claims." *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). A psychiatric impairment may be found "not severe" at step two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's mental ability to perform basic work activities. And "an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when the conclusion is 'clearly established by medical evidence.'" *Webb*, 433 F.3d at 687.

The law is also well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988).

Here, the ALJ failed to discuss certain treatment records that reported Plaintiff suffering from severe psychiatric disorders. Specifically, the ALJ did not discuss treatment records from the County of San Bernardino Department of Behavioral Health from November 2012 and January 2013 which report that

Plaintiff "has difficulty attending to and processing information due to severe mental illness." (AR 467, 473.) The same county agency diagnosed Plaintiff with schizophrenia in June 2013. (AR 514.) Similarly, the ALJ did not specifically discuss medical records from the San Bernardino parole system from November 2012, which state that Plaintiff suffers from a "substantial thought disorder: distractable, trouble concentrating, illogical odd associations." (AR 426, 431.) Moreover, records from the Arrowhead Regional Medical Center in 2012 state that Plaintiff was "acutely psychotic" and "unable to care for himself." (AR 398). And treatment records from Pacific Clinics in 2014 state that Plaintiff needed meetings with the treatment team five days a week in order to manage his symptoms. (AR 517-18.)

To the extent that the ALJ implicitly rejected these records of examining physicians in determining that plaintiff did not have a severe mental impairment, the ALJ should have ─ but did not ─ provide legally sufficient reasons for doing so. *See Lester*, 81 F.3d at 830 (an ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record" to reject the opinion of a treating or examining physician, even if contradicted by another physician); *see also Hill v. Astrue*, 698 F.3d 1153, 1159-60 (9th Cir. 2012) (ALJ erred when he failed to provide examining psychologist's opinion "*any* degree of review at all, and gave no reasons for doing so, let alone any [legally sufficient] reasons") (emphasis in original); *Lingenfelter*, 504 F.3d at 1038 n.10 (with respect to the requirements to provide legally sufficient reasons to reject a treating physician's opinion, "an ALJ cannot avoid these requirements simply by not mentioning the treating physician's opinion and making findings contrary to it"). Although the ALJ stated that Plaintiff had not received the type of treatment that he would have expected for a severe impairment (AR 13), the lack of evidence of psychiatric hospitalization or comparably serious treatment is not dispositive because step two is only "a de minimis screening device to dispose of groundless claims." *See French v.*

*Astrue*, 2010 WL 2803965, at *6 (C.D. Cal. July 15, 2010) ("A claimant may suffer from a mental impairment without having been hospitalized for that limitation. Thus, it appears that the ALJ applied more than a *de minimis* test and his conclusion at step two that Plaintiff does not suffer from a severe mental impairment was error."); *Alsyouf v. Astrue*, 2010 WL 5624668, at *3 (C.D. Cal. Jan. 21, 2010) (same).

The Court therefore finds that the ALJ erred in his assessment of the medical records at step two and failed to show that the evidence (when viewed in its entirety) "clearly established" a finding of non-severity. *See Webb*, 433 F.3d at 688.

## VII. DECISION TO REMAND

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister*, 888 F.2d at 603; *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Before a case may be remanded for an immediate award of benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings. *See Treichler*, 775 F.3d at 1105. Here, further proceedings would be useful to resolve conflicts and ambiguities in the record. *Id.* at 1103-04 (in evaluating whether further administrative proceedings would be useful, the reviewing court should consider "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether

all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules"); *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). In particular, remand proceedings here would be useful in clarifying and resolving conflicts relating to the medical evidence. [2]

\* \* \* \*

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: June 5, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.